## Case No. 14,582.

### UNITED STATES v. BERNAL et al.

[1 Hoff. Land Cas. 99.] [1]

District Court, N. D. California.  Dec. Term, 1855.

MEXICAN LAND GRANT—VALIDITY OF GRANT.

No objection to this claim made by district attorney.

Claim [by Carmen Sibrian De Bernal] for a lot two hundred varas square in the county of San Francisco, confirmed by the board, and appealed by the United States.

S. W. Inge, U. S. Atty.

Halleck, Peachy & Billings, for appellees.

HOFFMAN, District Judge.  The claim in this case is for a solar in the Mission of Dolores.  It appears to have been granted by Governor Figueroa on the recommendation of the priest of the Mission, and in consideration of services rendered to the Mission by the claimant as mayor domo.  No argument was had in the case at the hearing, nor did the district attorney suggest any objection to the validity of the grant.  The claim was confirmed by the board, and we think their decision, in the absence of any showing to the contrary on the part of the government, ought to be affirmed.

## Case No. 14,583.

### UNITED STATES v. BERNAL.

[1 Hoff. Land Cas. 139.] [1]

District Court, N. D. California.  June Term, 1856.

MEXICAN LAND GRANT—VALIDITY OF GRANT.

The validity of this claim not disputed.

Claim [by Augustin Bernal] for one league of land in Santa Clara county [the Rancho Santa Teresa], confirmed by the board, and appealed by the United States.

William Blanding, U. S. Atty.

B. W. Leigh, for appellee.

HOFFMAN, District Judge.  The claim in this case was confirmed by the board, and it has been submitted to this court on appeal without argument on the part of the United States.  The claim seems to be one of the most meritorious which have been presented for our consideration  The petition of Joaquin Bernal bears date on the tenth of May, 1834, and states that the petitioner was an invalid soldier ninety-four years old, and with a posterity of seventy-eight souls.  That he had entered into possession of the place solicited five years before, by permission of the ayuntamiento of the pueblo of San José, and that he and his family had built four adobe houses, and had continued to occupy the land with his property consisting of twenty-one hundred head of cattle, one hundred and twenty sheep, three mares and fifty tame horses, etc  The governor, after the usual references, acceded to the petition, and the concession was confirmed by the departmental assembly, with a slight modification of the boundaries of the tract—the assembly having decided on the application of Juan Alvirez to except out of the land the portion claimed by the latter.  In accordance with this resolution, the title was issued to Bernal on the eleventh of July, 1834.  In the month of July, 1835, Bernal applied to the constitutional alcalde of San José for judicial possession of the tract granted, which was accordingly given by that officer.

The genuineness of the original title is clearly proved, as well as that of the "testimonio" or certificate delivered to the grantee by the officer giving judicial possession.  To this latter instrument were prefixed the original grant and a copy of the map contained in the expediente.  The latter document is also duly produced from the archives, and the genuineness of the claim is established beyond all doubt by the production of all the evidence of every kind which can be adduced in support of a grant by the former government of this country.  From the year 1820 until the present time, the land has been occupied under an unquestioned title by the grantee and his numerous descendants.  The only doubt suggested in this case arises from an alleged error in the boundaries, as fixed by the officers giving judicial possession.  But on closely examining the proofs, there does not seem any reason to suppose such an error to have been committed.  The survey on which reliance was placed as establishing that the tract of which possession was given exceeded in extent the quantity granted, appears to have been exceedingly inaccurate, for independently of the mistake of calculation apparent on the scale appended to the surveyor's map, it is also shown that the tract surveyed, and the extent of which he attempts to establish, included a considerable quantity of land not comprised within the boundaries established by the officer who gave judicial possession.  On the whole case there seems no reason to suppose that the tract of which possession was given, and of which the grantee and his heirs have enjoyed the undisputed and notorious possession for more than thirty years, differs either in quantity or as to boundaries, from that described in the grant and the map to which it refers.

The opinion of the commissioners is so full and conclusive on this point, that it is not deemed necessary to discuss it further, particularly as the objection has not been urged in this court, or any attempt to impair the force of the reasoning, or correctness of the conclusion of the board.

We think, therefore, that a decree of confirmation should be entered for the land, as described in the grant, and according to the boundaries fixed in the act of judicial possession.

[See Case No. 14,578.]

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]